restrained from proceeding at law, and very properly restrained; for the decree was equivalent to a judgment for all the creditors, and yet could not be pleaded at law to the suit of the creditor, for courts of law do not take cognizance of decrees in equity. But Lord Hardwicke there said, that a decree in equity is equal to a judgment at law, and then a preference will be given in priority of time only, as in judgments in the courts of law. This plainly admits, that if the judgment is before the decree, it overrides the decree. And, indeed, so his lordship expressly admitted, saying, that if the .creditor suing at law, obtains judgment first, he must be first satisfied, as he will then gain a preference in course of administration, both in law and equity. See the general doctrine stated in Morrice v. The Bank of England, Cas. t. Talb. 217, 3 Swanst. 573. Drewry v. Thacker, 3 Swanst. 529, does not interfere with this doctrine. There, the creditor, before the decree for an administration of the assets, had obtained a judgment at law against the administrator de bonis intestatoris, et si non, de bonis propriis; and the question was, whether the court would, by injunction, stop the creditor from proceeding to execute his judgment in both respects, de bonis intestatoris, and de bonis propriis. The vice chancellor (Sir John Leach), granted the injunction; but Lord Eldon refused upon appeal to confirm it. But the point was not absolutely decided. There is a dictum of Lord Eldon in Clarke v. Earl of Ormonde, Jac. 108, 124, where he said; "Even if a creditor has got a judgment before the decree, though he may come in and prove as such, he must not take out execution." Possibly this may be true sub modo in some cases, and under some circumstances; but as Lord Langdale justly observed in Lee v. Parke, 1 Keen, 724, this is not the ordinary rule. And in the case before him, turning upon very special circumstances, he decreed an injunction. In Price v. Evans, 4 Sim. 514, the judgment was before the decree; and in Kent v. Pickering, 5 Sim. 569, although it does not appear, whether the judgment or decree was first, the court granted an injunction only to restrain the creditor from proceeding at law against the assets; but not from proceeding against the executor de bonis propriis. I should rather gather from the report, that the decree was first; and so it seems to have been understood by the learned author on injunctions. See Drew. Inj. pt. 1, pp. 115, 122, c. 4.

Upon the whole, my opinion is, that the injunction granted in this case ought to be dissolved, and I shall direct a certificate accordingly, to the district court.

COOK (BANK OF COLUMBIA v.). See Case No. 864.

## Case No. 3,153.

### COOK v. BEALL.

[2 Cranch, C. C. 264.] [1]

Circuit Court, District of Columbia.    Oct. Term, 1821.

#### REINSTATEMENT OF CAUSE.

The court will, on affidavit, reinstate a cause non prossed on a rule for security for costs laid on the plaintiff, who had no attorney in court, his attorney having died, and no rule served on the plaintiff to employ new counsel.

The plaintiff's attorney died. The defendant laid a rule on the plaintiff to give security for costs, and non prossed him upon that rule, without having served a rule on the plaintiff to employ new counsel.

THE COURT, upon affidavit, reinstated the cause.

COOK (BELT v.). See Case No. 1,282.

## Case No. 3,154.

### COOK v. CONWAY.

[2 Cranch, C. C. 99.] [1]

Circuit Court, District of Columbia.    April Term, 1814.

#### ASSIGNMENT OF EXPECTANCY.

An assignment of "all the assignor's estate, and effects in possession, or which may accrue or become due and owing to him," will not transfer a mere possibility of a legacy.

Daniel Muse assigned his wife's legacy, after the death of R. Conway, the testator, to Cook; but before the testator's death he had assigned to R. Edwards and S. Downing, "all his estate and effects in possession, or which may accrue or become due and owing to him."

THE COURT (FITZHUGH, Circuit Judge, absent) was of opinion that Cook was entitled to the legacy.

COOK (EAMES v.). See Case No. 4,239.

## Case No. 3,155.

### COOK et al. v. ERNEST et al.

[5 Fish. Pat. Cas. 396; [2] 1 Woods, 195; 2 O. G. 89.]

Circuit Court, D. Louisiana.    March, 1872.

PATENTS—"TIES FOR COTTON BALES"— UTILITY— PRESUMPTION — EXTENSION — DECISION OF .COMMISSIONER—ANTICIPATION — INFRINGEMENT—INJUNCTION.

1. It is competent for a party to sue for an infringement of any one of the separate and distinct inventions that may be covered by his patent.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]